UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EDGAR TEJEDA, ET AL.                                      CIVIL ACTION

VERSUS                                                    NO. 22-2758

JONATHAN DIXON, ET AL.                                    SECTION "A" (5)

### ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 50)** filed by defendant, Jonathan Dixon. The plaintiffs, Edgardo Tejeda, in his capacity as the court-appointed curator of his son, Edgar Tejeda, and Sierra Lherisse, on behalf of her minor son, Edgar Tejeda, Jr., oppose the motion. The motion, submitted for consideration on October 16, 2024, is before the Court on the briefs without oral argument.

**I.**

The tragic events giving rise to this litigation occurred on the evening of July 4, 2021, at about midnight. Edgar Tejeda was a pedestrian near the 6000 block of Almonaster in New Orleans, Louisiana, when he was struck by a 2012 Peterbilt truck that was owned and operated by the defendant, Jonathan Dixon. Dixon and Tejeda knew each other from around the neighborhood. As a result of the accident, Tejeda suffered life-threatening and permanently disabling personal injuries.[1]

It is Dixon's contention that Tejeda was extremely intoxicated when the accident

---

[1] In the interest of efficiency, the Court directs the reader to the detailed recitation of the factual circumstances allegedly leading up to the accident contained in the Court's ruling denying the motion for summary judgment filed by CorePointe Insurance Co. (Rec. Doc. 73, Order and Reasons).

1

occurred, that he stepped out in front of Dixon's truck, and that there was nothing that Dixon could have done to avoid the accident. Via the instant motion, Dixon asks the Court to determine as a matter of law that he had no fault whatsoever in causing the accident.

A jury trial is set for August 11, 2025. (Rec. Doc. 74, Minute Entry).

## II.

The question before the Court is a rather simple one: Does the current record allow the Court take from the jury the apportionment of fault in this matter, such that as a matter of law Tejeda is 100 percent at fault for his injuries and Dixon is completely free from fault.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus.*

*Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

The premise underlying Dixon's motion for summary judgment is that the jury can only reach one reasonable conclusion: that Tejeda was 100 percent at fault for the accident and that Dixon bears no responsibility whatsoever—not even 1 percent—for what occurred on the evening of July 4, 2021. The fact-finder is tasked with apportioning fault between the parties, so if a reasonable jury could apportion even 1 percent of the fault to Dixon, the motion for summary judgment must be denied.

The Court is persuaded that summary judgment is not proper and would usurp the role of the jury. Dixon may persuade the jury that Tejeda was wholly at fault for the accident but making that determination is not this Court's role. The Court recognizes that Tejeda's injuries are so severe that he cannot personally offer testimony regarding the events leading up to the accident. But it the role of the jury and not the Court to

3

judge Dixon's credibility and that of the other eye-witnesses who will testify at trial, to determine the weight to give to the parties' respective experts, to determine how Tejeda's blood alcohol level might have contributed to his injuries, and ultimately to determine whether Dixon was completely free from fault on the evening of July 4, 2021.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 50)** filed by defendant Jonathan Dixon is **DENIED**.

October 24, 2024

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE